IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                   Case Nos.:      3:06cr444/RV/EMT
                                                                      3:14cv297/RV/EMT
RODNEY RODRIQUEZ SHIPMAN

### **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and incorporated supporting memorandum of law  (doc. 107).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.[1]

BACKGROUND and ANALYSIS

On November 29, 2006, Defendant pleaded guilty to conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base and four counts of possession with intent to distribute five (5) grams or more of cocaine base (docs. 3, 54).  In February of 2007, the district court sentenced him to a term of 240-months imprisonment (doc. 78).  In 2012, Defendant filed a motion pursuant to 18 U.S.C. § 3582 seeking a further reduction in his sentence due to a retroactive amendment to the Sentencing Guidelines, which the

---

[1] Defendant's motion is not on the appropriate court form as required by Northen District of Florida Local Rule 5.1(J)(2).  If summary dismissal was not warranted in this case, Defendant would be required to file an amended motion on the court form as required by this rule before his motion would be considered on the merits.

district court denied initially and on reconsideration (docs. 97–101). Nothing further was filed until Defendant filed the instant motion to vacate pursuant to the prison mailbox rule[2] on June 18, 2014 (doc. 107 at 8). Despite the fact that he entered a plea of guilty, Defendant now contends that he was deprived of a fair sentencing because a jury was not required to find each element of his offense beyond a reasonable doubt, pursuant to Alleyne v. United States, 133 S.Ct. 2151 (2013).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant contends that the instant motion is timely filed pursuant to § 2255(f)(3), because in Alleyne, which was decided on June 17, 2013, the Supreme Court recognized a new right, and that this new right is retroactively applicable on collateral review even if the Supreme Court has not declared it to be so. Defendant's argument regarding the retroactivity of Alleyne is misplaced, as numerous appellate courts—including the Eleventh Circuit—have held that Alleyne is not retroactively applicable on collateral review. *See* United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); *see also* United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); In re Mazzio, No. 13-2350, 2014 WL 2853722 (6th Cir. June 24, 2014); United States v. Miller, 542 F. App'x 526, 528 (7th Cir. 2013); In re Payne, 733 F.3d 1027, 1029–30 (10th

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Case Nos.: 3:06cr444/RV/EMT; 3:14cv297/RV/EMT

Cir. 2013). Therefore, Defendant's reliance on Alleyne does not excuse the untimeliness of his motion, and it should be summarily dismissed.

CERTIFICATE OF APPEALABILITY

Rule 11(a), of the Rules Governing Section 2255 Proceedings, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 107) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 1st day of July 2014.

                /s/ *Elizabeth M. Timothy*
                **ELIZABETH M. TIMOTHY**
                **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 3:06cr444/RV/EMT; 3:14cv297/RV/EMT